UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CHARLES BURDEN, individually and on behalf of other persons similarly situated,<br><br>  Plaintiff,<br><br>  vs.<br><br>SELECTQUOTE INSURANCES SERVICES, a California corporation; and DOES 1 through 10,<br><br>  Defendants. | Case No: C 10-5966 SBA<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>Docket 6 |

Plaintiff Charles Burden brings the instant putative wage and hour class action based on Defendant Selectquote Insurance Services' alleged failure to pay overtime to its insurance agents in violation the California Labor Code and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. Defendant removed the action under 28 U.S.C. §§ 1331 and 1441(b). The parties are presently before the Court on Defendant's Motion to Dismiss. Dkt. 6. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the motion for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I.   **BACKGROUND**

Plaintiff worked for Defendant as an insurance agent from approximately March 2004, through January 26, 2009, when he was discharged. FAC ¶ 6. During the term of his employment, Plaintiff was compensated pursuant to Defendant's 2005 and 2007 Agent Variable Compensation Plans. Id. Under those plans, Plaintiff allegedly was misclassified as an exempt employee, meaning that he was not paid any overtime wages during the

course of his employment or upon his termination.  Id.  Plaintiff alleges that from time to time he worked more than forty hours per week but was not paid overtime wages.  Id.  Defendant allegedly misclassified other insurance agents as well.  Id.

Plaintiff filed a class action complaint in state court on February 9, 2010, alleging violations of state wage and hour laws.  Thereafter, the parties engaged in substantial written and other discovery, including Plaintiff's deposition and Defendant's "person most qualified."  Karasik Decl. ¶ 2.  In or about October 2010, Plaintiff moved for leave to file a FAC to include, inter alia, a federal claim under the FLSA.  Over Defendant's opposition, the state superior court granted Plaintiff's motion on December 2, 2010.  Plaintiff filed his FAC on December 3, 2010.  On December 30, 2010, Defendant removed the action to this Court.

The FAC alleges four cause of action for:  (1) failure to pay overtime wages in violation of Cal. Labor Code § 501; (2) failure to pay overtime wages in violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 (based on Defendant's alleged violation of the FLSA); (3) failure to pay overtime wages due upon termination in violation of Cal. Labor Code §§ 201-203; and (4) violation of the UCL based on alleged violations of state and/or federal wage and hour laws.  Plaintiff purports to bring this action on behalf of a class comprised of persons employed as insurance agents in California by Defendant since February 9, 2006, who were paid under the 2005 Agent Variable Compensation Plan and/or 2007 Agent Variable Compensation Plan and worked more than eight-hours per days and/or over forty hours per week.  FAC ¶ 11.

Defendant now moves to dismiss the FAC on the ground that the allegations contained therein are not sufficiently specific under Federal Rule of Civil Procedure 8(a), as construed in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).  Plaintiff counters that the allegations set forth in his FAC provide Defendant with sufficient notice of the claims alleged against it, and that Defendant is well aware of the bases of such claims based on the extensive discovery undertaken by the

parties since the inception of this action.  The matter has been fully briefed and is ripe for adjudication.

## II.    LEGAL STANDARD

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests."  Twombly, 550 U.S. at 555 (2007) (internal quotations omitted).  While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to '"state a claim to relief that is plausible on its face."'"  Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. 544, 555, 557 (2007)).

On a motion to dismiss, the Court is to "accept as true all well-pleaded allegations of material fact, and construe[s] them in the light most favorable to the non-moving party." Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010).  Although a court generally is confined to the pleadings on a motion to dismiss, "[a] court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment."  United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).  "If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc., 806 F.2d 1393, 1401 (9th Cir. 1986).

## III.    DISCUSSION

The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours."  Barrentine v. Arkansas-Best Freight System, Inc., 450 U.S. 728, 739 (1981).  The Act regulates minimum wage, overtime pay, equal pay, and child

labor, and prohibits employers from retaliating against employees who exercise their rights under the Act.  Section 7 of the FLSA provides that no employer "shall employ any of his employees who in a workweek is engaged in commerce ... or is employed in an enterprise engaged in commerce ... for a workweek longer than forty hours unless such employee receives compensation" for hours worked beyond the forty hour floor "at a rate not less than one and one half times" the rate at which he or she is regularly employed.  29 U.S.C. § 207(a)(1).  California law provides similar protections.  See Armenta v. Osmose, Inc., 135 Cal.App.4th 314, 324 (2005) ("California courts have long recognized that California's wage laws are patterned on federal statutes….").

Defendant contends that Plaintiff's FAC is deficient on the ground that it does not allege specific facts regarding why Plaintiff should have been classified as non-exempt, and that he has done nothing more than "parrot" the statutory language of the FLSA.  The Court disagrees.  The FAC expressly alleges:  that Plaintiff was employed by Defendant as an insurance agent; the dates he was employed; that he was compensated under the 2005 Agent Variable Compensation Plan and the 2007 Agent Variable Compensation Plan under which he was misclassified as an exempt employee; and that he worked more than forty hours per week but was not paid overtime.  FAC ¶ 6.  This information is sufficient to provide Defendant fair notice of the basis of Plaintiff's claims.  See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (holding that under Rule 8(a), "[s]pecific facts are not necessary; the statement need only give the defendant[s] fair notice of what ... the claim is and the grounds upon which it rests.") (internal quotation marks omitted).

Moreover, "[t]he assertion of an exemption from the overtime laws is considered to be an affirmative defense[.]"  Ramirez v. Yosemite Water Co., 20 Cal.4th 785, 794-95 (1999)); see also Magana v. CNMI, 107 F.3d 1436, 1445-46 (9th Cir. 1997) (exemption from requirement to pay overtime under the FLSA is an affirmative defense that must be raised by the employer).  As such, the burden is on the defendant-employer to plead and prove the applicability of such exemption.  See Fed. R. Civ. P. 8(b); accord Corning Glass Works v. Brennan, 417 U.S. 188, 196-97 (1974) ("an exemption under the Fair Labor

Standards Act is a matter of affirmative defense on which the employer has the burden of proof."); In re United Parcel Service Wage and Hour Cases, 190 Cal.App.4th 1001, 1010 (2010) ("the employer bears the burden of proving an employee is properly designated as exempt.") (emphasis omitted).  A plaintiff has no "obligation to anticipate [an affirmative] defense by stating in his complaint that the defendant [is not entitled to assert such a defense]."  Gomez v. Toledo, 446 U.S. 635, 640 (1980).

## IV.   CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED THAT:

1.   Defendant's Motion to Dismiss is DENIED.

2.   Defendant shall file its responsive pleading to the FAC within fourteen days of the date this Order is filed.

3.   The motion hearing date of April 5, 2010, is VACATED.

4.   This Order terminates Docket 6.

IT IS SO ORDERED.

Dated:  March 29, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge