1
2
3
4
5
6
7
8            UNITED STATES DISTRICT COURT
9        FOR THE NORTHERN DISTRICT OF CALIFORNIA
10                  OAKLAND DIVISION

11   CHARLES BURDEN, individually and on       Case No:  C 10-5966 SBA
     behalf of other persons similarly situated,
12                                             **ORDER GRANTING**
                  Plaintiff,                   **DEFENDANT'S**
13                                             **ADMINISTRATIVE MOTION TO**
                  vs.                          **RE-SET HEARINGS ON**
14                                             **DEFENDANT'S MOTION FOR**
     SELECTQUOTE INSURANCES                    **SUMMARY JUDGMENT AND**
15   SERVICES, a California corporation; and   **PLAINTIFF' MOTION FOR CLASS**
     DOES 1 through 10,                        **CERTIFICATION**
16
                  Defendants.                  Docket 38
17

18

19          Plaintiff Charles Burden ("Burden" or "Plaintiff") brings the instant putative wage

20   and hour class action, individually, and on behalf of all others similarly situated, against

21   Defendant SelectQuote Insurance Services ("SelectQuote" or "Defendant") based its

22   alleged failure to pay overtime to its insurance agents.  The Complaint alleges violations of

23   the California Labor Code and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.

24          On May 25, 2011, Burden filed a Motion for Class Certification.  Dkt. 28.  Shortly

25   thereafter, on May 31, 2011, SelectQuote filed a Motion for Summary Judgment.  Dkt. 34.

26   Due to the limited space on the Court's law and motion calendar, however, Burden's

27   motion is scheduled for hearing on July 27, 2011, while SelectQuote's motion is set for

28   September 27, 2011.

SelectQuote has now filed an Administrative Motion to Re-Set Hearings on Defendant's Motion for Summary Judgment and Plaintiff's Motion for Class Certification, in which it seeks to have its motion heard prior to Plaintiff's motion.  The Ninth Circuit has recognized that "[u]nder the proper circumstances—where it is more practicable to do so and where the parties will not suffer significant prejudice—the district court has discretion to rule on a motion for summary judgment before it decides the certification issue."  Wright v. Schock, 742 F.2d 541, 543-44 (9th Cir. 1984).   In exercising its discretion, the court should consider whether "resolution of a motion for summary judgment seems likely to protect both the parties and the court from needless and costly further litigation."  Id. at 544.

The Court finds that proper circumstances are presented that militate in favor of adjudicating SelectQuote's summary judgment motion first.  The gravamen of SelectQuote's motion is that Burden was properly classified as an exempt employee under California law.  If this is correct, all of Burden's claims fail and his motion for class certification will become moot.  Notably, Burden has conceded that "there are no material disputes of fact in this case," and that "this Court can decide on a motion for summary judgment, as a matter of law, whether or not insurance agents were [properly classified as] exempt."  Pl.'s Mot. for Class Cert. at 7:22-27, Dkt. 28.  Burden's acknowledgement that Defendant's summary judgment motion presents only questions of law further supports the Court's conclusion that it will be more practicable and efficient to resolve SelectQuote's motion prior to reviewing Burden's class certification motion.

Burden asserts that adjudicating SelectQuote's summary judgment motion first will cause him prejudice, ostensibly because it rewards SelectQuote's "disingenuous tactics."  Pl.'s Opp'n at 2, Dkt. 40.  Burden surmises that SelectQuote waited to file the instant motion until after he filed his motion so that it "could gain itself more time to prepare its opposition to Plaintiff's motion for class certification."  Id.  However, it is unclear how SelectQuote's alleged "tactics" would result in "more time" to oppose Burden's class certification motion, given that the briefing schedule on the motion for class certification

had previously been set by the Court.  Dkt. 27.  Irrespective of any tactical motives regarding the timing of the instant request, the Court finds that the interests of justice and judicial efficiency favor consideration of SelectQuote's summary judgment motion prior to Burden's class certification motion, and that adjudication of the pending motions in that sequence will not result in significant prejudice to either party.  Accordingly,

IT IS HEREBY ORDERED THAT:

1.      Defendant's Administrative Motion to Re-Set Hearings on Defendant's Motion for Summary Judgment and Plaintiff's Motion for Class Certification (Dkt. 38) is GRANTED.

2.      Plaintiff's Motion for Class Certification (Dkt. 28) shall be held in ABEYANCE pending adjudication of Defendant's Motion for Summary Judgment (Dkt. 34), which shall be heard, as scheduled, on September 27, 2011.

3.      To expedite matters, Plaintiff shall file his opposition to Defendant's Motion for Summary Judgment by no later than August 2, 2011, and Defendant shall file its reply by August 16, 2011.  The Court may adjudicate the motion without oral argument. Fed. R. Civ. P. 78(b), Civ. L.R. 7-1(b).  The parties are advised to consult the Court's website to determine whether an appearance on the motion is necessary.

4.      In the event the Court denies or denies in part Defendant's Motion for Summary Judgment, the Court will reschedule the hearing on Plaintiff's Motion for Class Certification.

5.      This Order terminates Docket 38.

IT IS SO ORDERED.

Dated:  July 19, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge