UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CHARLES BURDEN, individually and on behalf of other persons similarly situated,<br><br>        Plaintiff,<br><br>   vs.<br><br>SELECTQUOTE INSURANCE SERVICES, a California corporation; and DOES 1 through 10,<br><br>        Defendants. | Case No:  C 10-05966 SBA<br><br>**ORDER DENYING DEFENDANT'S MOTION TO STRIKE CLASS ALLEGATIONS**<br><br>Dkt. 68 |

Plaintiff Charles Burden ("Plaintiff") filed the instant putative wage and hour class action against his former employer, SelectQuote Insurance Services ("Defendant"), alleging that he and other insurance agents were misclassified as "exempt" employees in violation of California law and the federal Fair Labor Standard Act ("FLSA"), 29 U.S.C. § 216(b). The Court previously ruled that Defendant properly classified Plaintiff under California law.  Based on that determination, Defendant now moves to strike the class allegations set forth in the second, third and fourth causes of action in the First Amended Complaint ("FAC"), which is the operative pleading before the Court.  Dkt. 68.  Having read and considered the papers filed in connection with this matter, and being fully informed, the Court hereby DENIES Defendant's motion.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b).

I.      **BACKGROUND**

A.      FACTUAL SUMMARY

Defendant is an independent life insurance sales agency which sells insurance through its sales agents.  Plaintiff worked for Defendant as sales agent from approximately March 2004 until January 26, 2009.  During the course of his employment, Plaintiff was compensated in accordance with the 2005 and 2007 versions of Defendant's Agent Variable Compensation Plan (the "Variable Plan").  Agents working under the Variable Plan were classified as exempt from California and federal overtime laws, and were therefore allowed to work overtime without additional compensation.

On February 19, 2010, Plaintiff filed the instant class action lawsuit against Defendant in San Francisco County Superior Court, and thereafter filed a FAC on December 3, 2010.  The FAC alleges four causes of action:  (1) failure to pay overtime wages owed under California Labor Code § 510 and California Industrial Welfare Commission Wage Order 4-2001; (2) violation of California's Unfair Competition Law ("UCL"), California Business and Professions Code § 17200, based on the failure to pay overtime wages in accordance with the FLSA; (3) failure to pay all wages owed upon termination under California Labor Code §§ 201 and/or 202; and (4) unfair competition under the UCL.  Dkt. 1-4.[1]

Plaintiff seeks to maintain the instant action on behalf of three classes:  (1) a "California Non-Exempt Class," comprised of agents who were employed by Defendant as of February 9, 2006 and worked in California under the 2005 Variable Plan; (2) a "Federal Non-Exempt Class," comprised of agents who were employed by Defendant as of February 9, 2006 and worked in California under the 2005 or 2007 Variable Plan; and (3) all persons in either of the aforementioned classes whose employment with Defendant ended since February 9, 2007.  FAC ¶ 11.  As relief, Plaintiff seeks restitution of unpaid overtime

_____

[1] Plaintiff does not bring any claims directly under the FLSA.  Rather, he relies on Defendant's alleged violation of the FLSA as the underlying "unlawful" conduct that forms the basis of his UCL claims.

wages, "waiting time" penalties based on Defendant's alleged failure to pay accrued overtime wages at the time of termination, and attorneys' fees. <u>Id.</u> at 10-11.

Defendant removed the action to this Court on December 30, 2010, and answered the FAC on April 18, 2011. Dkt. 1. Plaintiff filed a Motion for Class Certification on May 25, 2011, Dkt. 28, which was followed by Defendant's filing of a Motion for Summary Judgment shortly thereafter, Dkt. 34. On July 19, 2011, the Court issued an order holding Plaintiff's Motion for Class Certification in abeyance pending adjudication of Defendant's Motion for Summary Judgment. Dkt. 50.

On January 24, 2012, the Court issued its ruling on Defendant's summary judgment motion. 1/24/12 Order, Dkt. 62. The Court concluded that Defendant properly classified Plaintiff under California law, and granted summary judgment for Defendant on the first cause of action. <u>Id.</u> However, the Court rejected Defendant's contention that Plaintiff properly classified under the FLSA and denied Defendant's motion as to Plaintiff's second cause of action under the UCL. The Court also denied Defendant's motion as to Plaintiff's third and fourth causes of action to the extent they are predicated on violations of the FLSA.

With prior leave of Court, Defendant has now filed a Motion to Strike Remaining Class Allegations, pursuant to Federal Rule of Civil Procedure 23(d)(1)(D). Rule 23(d)(1)(D) authorizes the Court to strike class allegations if it is clear that the matter cannot be maintained on a class basis. <u>Tietsworth v. Sears</u>, 720 F. Supp. 2d 1123, 1146 (N.D. Cal. 2010). According to Defendant, the Court's prior summary judgment ruling means that Plaintiff's second and fourth causes of action under the UCL are dependent solely on a violation of the FLSA. Since an FLSA claim may only be brought as an "opt-in" collective action, as opposed to a class action, Defendant argues that all of Plaintiff's remaining class allegations must be stricken. Defendant also argues that Plaintiff's third cause of action for waiting time penalties under California Labor Code § 203 cannot be predicated upon violations of the FLSA. The motion has been fully briefed and is ripe for adjudication.

## II.   **DISCUSSION**

### A.   UCL

The threshold issue presently before the Court is whether Plaintiff may pursue his UCL claim as a class action under Rule 23 where the underlying statutory violation is premised entirely on a violation of the FLSA.  The UCL makes actionable any "unlawful, unfair or fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200.  "Each prong of the UCL is a separate and distinct theory of liability."  Birdsong v. Apple, Inc., 590 F.3d 955, 959 (9th Cir. 2009).  With respect to the unlawful prong, "[t]he UCL borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable."  Wilson v. Hewlett-Packard Co., 668 F.3d 1136, 1140 (9th Cir. 2012) (internal quotations and citation omitted).  "Virtually any law—federal, state or local—can serve as a predicate for an action under Business and Professions Code section 17200."  Durell v. Sharp Healthcare, 183 Cal.App.4th 1350, 1361 (2010) (internal quotations and citations omitted).

As noted, Plaintiff relies on his purported misclassification under the FLSA as the "unlawful" conduct that allegedly violates the UCL.  Enacted in 1938, the FLSA, requires employers to pay their employees at least a specified minimum hourly wage for work performed, 29 U.S.C. § 206, and to pay one and one-half times the employee's regular rate of pay for hours worked in excess of forty hours per week, 29 U.S.C. § 207.  Employers who violate these provisions are "liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).  Actions to redress violations of the FLSA may be brought against an employer "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."  Id.  An employee cannot join an FLSA action "unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."  Id.  As a result of this "opt-in" requirement, courts refer to FLSA representative actions as "collective actions."  McElmurry v. U.S. Bank Nat'n, 495

1   F.3d 1136, 1139 (9th Cir. 2007).  A collective action differs from a Rule 23 class action in

2   which "all class members are bound by the judgment unless they opt out of the suit,"

3   whereas in a collective action only those plaintiffs who opt in to the suit by submitting a

4   written consent are bound.  Id.

5       Defendant proffers two arguments for striking the class allegations in the second and

6   fourth causes of action.  First, Defendant asserts that it shielded from liability under the

7   UCL's "safe harbor" provision.  Mot. at 3.  "The California Supreme Court has

8   explained ... that conduct affirmatively authorized by another statute may provide a

9   defendant with a safe harbor from UCL liability."  Hauk v. JP Morgan Chase Bank USA,

10  552 F.3d 1114, 1122 (9th Cir. 2009) (citing Cel-Tech Commc'ns, Inc. v. Los Angeles

11  Cellular Tel. Co., 20 Cal.4th 163, 182 (1999)). "If the Legislature has permitted certain

12  conduct or considered a situation and concluded no action should lie, courts may not

13  override that determination." Cel-Tech Commc'ns, 20 Cal.4th at 182.  "To forestall an

14  action under the [UCL], another provision must actually 'bar' the action or clearly permit

15  the conduct." Id.  A safe harbor exists only where conduct is expressly permitted, and not

16  merely because conduct is not expressly prohibited.  Id.

17      Defendant contends that because the Court has found that Plaintiff was properly

18  classified as exempt under California law, it is entitled to seek the shelter of the UCL's safe

19  harbor.  The Court disagrees.  Although the Court has found that Defendant properly

20  classified Plaintiff as exempt under California law, there remains the possibility that

21  Defendant violated federal law.  In other words, while California law may authorize

22  compensating Plaintiff on a salaried basis without payment of overtime, that does not ipso

23  facto establish that Plaintiff was properly classified under the FLSA.  See Sullivan v.

24  Oracle Corp., 51 Cal.4th 1191, 1203 n.6 (2011) ("Differences also exist in the way

25  California law …and the FLSA determine whether an employee is exempt from the

26  requirement of overtime compensation.").  Since the UCL may be predicated on the

27  violation of any federal, state or local law, the fact that Defendant remains potentially in

28

violation of the federal law is sufficient to render the UCL's safe harbor provision inapposite under the circumstances presented.

Defendant's second contention fares no better. Specifically, Defendant argues that Plaintiff must utilize the opt-in procedures applicable to actions brought directly under the FLSA, as opposed to the opt-out procedures of Rule 23. According to Defendant, permitting Plaintiff to seek class certification under Rule 23 would circumvent Congress' intention to limit the scope of FLSA actions through the opt-in procedure. The flaw in Defendant's argument is that it ignores the fundamental operation of the UCL. "By proscribing 'any unlawful' business practices, section 17200 'borrows' violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." Cel-Tech Comm'n, 20 Cal.4th at 180 (internal quotations and citations omitted). As such, the "unlawful" prong of the UCL effectively transforms a violation of the underlying law—here, the FLSA—into a violation of the UCL. Id.

Plaintiff's second cause and fourth causes of action are thus not FLSA claims per se, but instead are state law UCL claims which "borrow" the provisions of the FLSA. In other words, the alleged violations of the FLSA are tantamount to violations of California law. See id.[2] It is for that reason that federal and state courts have rejected the notion that a UCL claim premised on a violation of the FLSA must utilize the FLSA's opt-in procedure. E.g., Tomlinson v. Indymac Bank, 359 F. Supp. 2d 898, 900 (C.D. Cal. 2005) (finding that while non-opt-in claimants "are procedurally barred from bringing a claim under the FLSA[,] … they nevertheless may pursue their independent UCL claim."); accord Thorpe v. Abbott Labs., Inc., 534 F. Supp. 2d 1120, 1125 (N.D. Cal. 2008) (Whyte, J.); Takacs v. A.G. Edwards and Sons, Inc., 444 F. Supp. 2d 1100, 1116-17 (S.D. Cal. 2006); Bahramipour v. Citigroup Global Markets, Inc., No. C 04-4440 CW, 2006 WL 449132, *4

---

[2] This result is entirely permissible under the FLSA, which contains a "savings clause" that allows states to provide more protection than federal law. See Williamson v. General Dynamics, 208 F.3d 1144, 1150 (9th Cir. 2000) (citing 29 U.S.C. § 218(a)); Pacific Merchant Shipping Ass'n v. Aubry, 918 F.2d 1409, 1418 (9th Cir. 1990) ("the FLSA does not preempt California from applying its own overtime laws.").

(N.D. Cal., Feb 22, 2006) (Wilken, J.); <u>Barnett v. Washington Mut. Bank</u>, FA, 2004 WL 2011462, *6 (N.D. Cal., Sept. 9, 2004) (Breyer, J.); <u>Harris v. Investor's Business Daily, Inc.</u>, 138 Cal.App.4th 28, 35 (2006).

Defendant argues that the aforementioned cases are distinguishable in that they involved situations where the UCL claim was predicated upon violations of both state law and the FLSA, whereas in this case Plaintiff's UCL claim is based solely on violations of the FLSA.  Reply at 3.  This is a distinction without a difference.  Regardless of whether the UCL claim is based on both state wage and hour law and the FLSA—or exclusively on the FLSA—the fact remains that the claim is one <u>under the UCL</u>, not the FSLA.  Consequently, it is irrelevant whether a plaintiff is able to bring a claim directly under the borrowed statute, i.e., the FLSA.  <u>See</u> <u>Troyk v. Farmers Group, Inc.</u>, 171 Cal.App.4th 1305, 1335 (2009) (noting that a plaintiff may state a UCL claim even if there is no private right of action to assert a violation of the underlying statute).  Accordingly, the Court rejects Defendant's contention that Plaintiff's second and fourth causes of action under the UCL must utilize the FLSA's opt-in procedures.

**B.   CALIFORNIA LABOR CODE § 203**

In his third cause of action, Plaintiff claims that as a result of his alleged misclassification as an exempt employee, he was not paid all wages due, in violation of California Labor Code §§ 201 and 202.  <u>See</u> Cal. Lab. Code § 201 (immediate payment of wages upon discharge), § 202 (immediate payment of wages upon resignation).  FAC ¶¶ 29-37.  As relief, Plaintiff seeks recovery of unpaid overtime wages as well as waiting time penalties under California Labor Code § 203.  This code section states, in relevant part:

> If an employer willfully fails to pay, without abatement or reduction, <u>in accordance with Sections 201, 201.3, 201.5, 202, and 205.5</u>, any <u>wages</u> of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced but the wages shall not continue for more than 30 days.

Cal. Lab. Code § 203(a) (emphasis added).[3]  Plaintiff's claim for waiting time penalties is based on his alleged misclassification under California law and the FLSA.  However, as a result of the Court's determination on summary judgment that Plaintiff was properly classified under California law, Plaintiff's third cause of action is now based entirely on Defendant's alleged violation of the FLSA.

Defendant argues that the claim under Labor Code § 203 fails on the ground that the statute only applies to violations of the California Labor Code—and does not apply to violations of the FLSA.  This contention lacks merit.  The triggering event for the payment of waiting time penalties is the violation of, inter alia, Labor Code §§ 201 and 202, which require the payment of unpaid wages immediately upon termination, or within seventy-two hours of the employee's resignation, respectively.  Cal. Labor Code §§ 201(a), 202(a).  California law defines "wages" to include "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation."  Cal. Labor Code § 200(a).  There is nothing in the plain language of § 203 or the statutory provisions cited therein that bars an employee from seeking waiting time penalties for wages owed under federal law.  See Esparza v. Two Jinn, Inc., No. SACV 09-0099 AG (RNBx), 2009 WL 2912657, at *3 (C.D. Cal., Sept. 9, 2009) (rejecting contention that waiting time penalties under California Labor Code section 203 is limited to violations of the California Labor Code).  Accordingly, the Court rejects Defendant's contention that the class allegations should be stricken from Plaintiff's third cause of action.

## III.   CONCLUSION

The parties have expended considerable time and resources in litigating this case.  The Court has now ruled on two substantive motions and has narrowed the issues presented in this case considerably.  Having now rejected Defendant's motion to strike Plaintiff's

---

[3] California law defines "wages" to include "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation." Cal. Labor Code § 200(a).

class allegations, the next step in this action is to consider Plaintiff's renewed motion for class certification.  Before the Court entertains such a motion, however, the parties shall first make a further effort to resolve their dispute without further litigation.  To facilitate the settlement process, the Court refers the instant action to Magistrate Judge Donna Ryu for a further settlement conference.  Accordingly,

IT IS HEREBY ORDERED THAT:

1.      Defendant's Motion to Strike Remaining Class Allegations is DENIED.

2.      This matter is REFERRED to Magistrate Judge Donna Ryu for a further settlement conference.

3.      The parties shall appear for a telephonic Case Management Conference on **July 18, 2012 at 3:30 p.m.**  Prior to the date scheduled for the conference, the parties shall meet and confer and prepare a joint Case Management Conference Statement which complies with the Standing Order for All Judges of the Northern District of California and the Standing Orders of this Court.  Plaintiff shall assume responsibility for filing the joint statement no less than seven (7) days prior to the conference date.  Plaintiff's counsel is to set up the conference call with all the parties on the line and call chambers at (510) 637-3559.  NO PARTY SHALL CONTACT CHAMBERS DIRECTLY WITHOUT PRIOR AUTHORIZATION OF THE COURT.

4.      This Order terminates Docket 68.

IT IS SO ORDERED.

Dated:  June 8, 2012

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge