UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CHARLES BURDEN, individually and on behalf of other persons similarly situated,<br><br>          Plaintiff,<br><br>    vs.<br><br>SELECTQUOTE INSURANCE SERVICES, a California corporation; and DOES 1 through 10,<br><br>          Defendants. | Case No:  C 10-05966 SBA<br><br>**ORDER FOR FURTHER BRIEFING RE PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Dkt. 92 |

     Plaintiff Charles Burden ("Plaintiff") brings the instant class action against his former employer, Defendant SelectQuote Insurance Services, alleging, inter alia, that he was erroneously classified as exempt from state and federal wage and hour laws. Following several settlement conferences before Magistrate Judge Donna Ryu of this Court, the parties reached a settlement of the instant dispute.  In accordance with the settlement, Plaintiff has filed a Motion for Preliminary Approval of Settlement Subclass and Dismissal of Class Allegations.  Dkt. 92.

     The proposed Settlement Class is comprised of:  (1) a California Insurance Agent Class defined as "all persons who, at any time between February 9, 2006 and March 31, 2012, were employed by Defendant as an Account Manager (also called 'insurance agent') in State of California"; (2) the Nationwide Insurance Agent Class, defined as "all persons who, at any time between February 9, 2006 and March 31, 2012, were employed by

Defendant as an Account Manager in the United States"; and (3) the Former Insurance Agent Class defined as "all persons employed by Defendant as an Account Manager in  the State of California and whose employment with Defendant ended at any time between February 9, 2007 and October 9, 2012."  See Class Action Settlement and Release at 10:8-16, Dkt. 96.

Under the terms of the settlement, Defendant will pay a Gross Settlement Amount of $750,000 on a non-reversionary basis.  Id. at 6:21-28.  Following final court approval of the settlement, Defendant is to pay the Gross Settlement Amount to the Settlement Administrator, who will, in turn, distribute net settlement payments to Class Members.  Id. at 11:11-14.  Any unclaimed funds are to be paid to the Legal Aid Society–Employment Law Center as a *cy pres* award.  Id. at 24:12-14.

As part of the claims administration process, the Settlement Administrator will mail a Claim Form to each of the Class Members based on the detailed employee information that will be provided by Defendant.  Id. at 13:14-14:2.  In order to receive a settlement payment, the Class Member must submit a Claim Form.  Id. at 15:23-26, 16:13-15.  Irrespective of whether a Class Member timely submits a Claim Form, however, all Class Members who do not affirmatively opt out will be bound by the settlement, including its general release of all wage and hour claims against Defendant.  Id. at 18:18-21, 27:15-23.

The rationale underlying the requirement that a Class Member submit a Claim Form in order to receive a payment under the settlement is not apparent from Plaintiff's motion papers.  The settlement agreement requires Defendant to provide sufficient information to the Settlement Administrator from which it can ascertain the identity and location of the Class Member, as well as calculate the Class Member's pro rata share of the settlement. Thus, it appears, at least facially, that direct payments could be made to Class Members. While it is not the role of the Court to "delete, substitute or modify" provisions of the settlement, Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998), the Court is obligated "to protect the unnamed members of the class from unjust or unfair settlements

affecting their rights," In re Syncor ERISA Litig., 516 F.3d 1095, 1100 (9th Cir.2008) (citation omitted).  Accordingly,

IT IS HEREBY ORDERED THAT:

1.      Plaintiff shall file a supplemental memorandum which provides an explanation of why Class Members are being required to submit a Claims Form as a prerequisite to receiving a payment under the settlement, and why direct payments are not being made to Class Members.  Plaintiff shall file his supplemental memorandum by no later than February 12, 2013.

2.      Pursuant to Civil Local Rule 7-1(b), the Court will take Plaintiff's Motion for Preliminary Approval of Settlement Subclass and Dismissal of Class Allegations under submission, without oral argument, as of the date Plaintiff's supplemental memorandum is due.

3.      The motion hearing scheduled for February 12, 2013 is VACATED.

IT IS SO ORDERED.

Dated:  February 6, 2013

SAUNDRA BROWN ARMSTRONG
United States District Judge