Gregory N. Karasik (SBN 115834)
greg@karasiklawfirm.com
**Karasik Law Firm**
11835 W. Olympic Blvd. Ste. 1275
Los Angeles, CA 90064
Tel (310) 312-6800
Fax (310) 943-2582

Ira Spiro (SBN 67641)
ira@spiromoore.com
**Spiro Moore LLP**
11377 W. Olympic Boulevard, 5th Floor
Los Angeles, California 90064-1683
Tel.: (310) 235-2468
Fax: (310) 235-2456

Alexander I. Dychter (SBN 234526)
alex@dychterlaw.com
**Dychter Law Offices, APC**
1010 Second Ave., Suite 1835
San Diego, California 92101
Tel: (619) 487-0777
Fax: (619) 330-1827

Attorneys for Plaintiff
CHARLES BURDEN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CHARLES BURDEN, individually and on behalf of other persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SELECTQUOTE INSURANCE SERVICES, a California Corporation; and DOES 1 through 10.<br><br>Defendants. | Case No. CV 10-5966 SBA (DMR)<br><br>CLASS ACTION<br><br>**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

Plaintiff Charles Burden ("Plaintiff") submits the following Supplemental Memorandum of Points and Authorities in support of Plaintiff's motion for preliminary approval of the class action settlement reached with defendant SelectQuote Insurance Services ("SelectQuote").

## I. A Claims-Made Settlement Is Not Inherently Unreasonable

Under Rule 23(e) of the Federal Rules of Civil Procedure, the test for approval of a class action settlement is whether the terms of the settlement are "fair, adequate and reasonable." Applying this standard, district courts have recognized that "there is nothing inherently objectionable with a claims-submission process, as class action settlements often include this process, and courts routinely approve claims made settlements." *Shames v. Hertz Corp.* (C.D. Cal. 2012) 2012 WL 5392159, at *9.  For example, district courts have approved settlements requiring a claims process far more complex than the simple claim form in this case. *See, Pelletz v. Weyerhaeuser Co.* (W.D. Wash. 2009) 255 F.R.D. 537, 544 (class members were required to submit two claims forms and submit photographs).  District courts have also approved claims made settlements where, unlike the settlement in this case, unclaimed funds reverted to the defendant. *See*, *e.g., Lemus v. H & R Block Enters. LLC* (N.D. Cal. 2012) 2012 WL 3638550.  Because a requirement for class members to submit a claim in order to receive settlement benefits does not render a class action settlement unfair, inadequate or unreasonable, district courts have likewise granted final approval even where the claims rate after preliminary approval was not particularly high. *See, e.g., Harris v. Vector Mktg. Corp.* (N.D. Cal. 2012) 2012 WL 381202 (final approval granted where claims rate was 27.4%); *Anderson v. Nextel Retail Stores, LLC* (C.D. Cal. 2010) 2010 WL 8591002 (final approval granted where claims rate was 27%); *Sandoval v. Tharaldson Employee Management, Inc.* (C.D. Cal. 2010) 2010 WL 2486346 (final approval granted where claims rate was 24%); *Schiller v. David's Bridal, Inc.* (E.D. Cal. 2012) 2012 WL 2117001 (final approval granted where claims rate was 24%).

## II. The Claim Requirement In This Case Was A Product Of Arms-Length Bargaining

A settlement agreement reached after arms-length bargaining is entitled to a presumption of fairness. *See, e.g., Wren v. RGIS Inventory Specialists* (N.D. Cal. 2011) 2011 WL 1230826, at *9 ("An initial presumption of fairness is usually involved of the settlement is recommended by class counsel after arms-length bargaining").  Here, the parties only reached a settlement after extensive arms-lengths bargaining over the course of three settlement conferences presided over by Magistrate Judge Ryu.  The claim requirement in this case resulted from a compromise reached during this bargaining.

In opposition to Plaintiff's motion for class certification, SelectQuote contended Plaintiff was not an adequate class representative because many insurance agents allegedly felt that they had been compensated properly and did not support Plaintiff's lawsuit. Thus, during settlement negotiations, SelectQuote insisted on a claims-made process so that only those insurance agents who believed they had been wronged would receive settlement payments.

Naturally, Plaintiff would have preferred that every class member receive settlement benefits without having to submit a claim. But an ideal settlement is rarely achieved. As the Ninth Circuit has observed, "the very essence of a settlement is compromise, 'a yielding of absolutes and an abandoning of highest hopes.'" *Officers for Justice v. Civil Service Commission of City and County of San Francisco* (9th Cir. 1982) 688 F.2d 615, 624. Thus, a proposed settlement "is not to be judged against a hypothetical or speculative measure of what might have been achieved by the negotiators." *Id.* at 625. A district court's "intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Id.*

In this case, the claim requirement is fair because, as part of the compromise reached by the parties, the settlement is non-reversionary. This means that SelectQuote will not derive any benefit from a low claims rate. In Plaintiff's view, holding SelectQuote as fully accountable as possible by having to pay the maximum amount of settlement dollars regardless of the claims rate resulted in a settlement that, "taken as a whole, is fair, reasonable and adequate to all concerned."

**III.    The Opportunity To Submit Claims Provides Class Members Sufficient Consideration In Exchange For A Release**

The reason why there is nothing inherently unfair about a claims made settlement is that the opportunity to submit a claim for settlement benefits in and itself provides a benefit to class members that provides sufficient consideration in exchange for a release of their claims. That is why an award of attorney's fees under the "common fund" method is required to be calculated based on the amount of the total settlement fund achieved and not just the amount claimed by class members. *See, Six (6)*

*Mexican Workers v. Arizona Citrus Growers* (9th Cir. 1990) 904 F.2d 1301, 1311 (fees properly calculated as a percentage of "total fund" and not just share based on "claiming members"); *Williams v. MGM-Pathe Communications Co.* (9th Cir. 2005) 129 F.3d 1026, 1027 (district court abused discretion by basing fee award on class members' claims against fund rather than on percentage of entire fund). The principle underlying these Ninth Circuit decisions originates from *Boeing Co. v. Van Gemert* (1980) 444 U.S. 472, where the Supreme Court explained how the opportunity to claim a share of a common fund (in that case resulting from a judgment) provides a benefit to absent class members:

> To claim their logically ascertainable shares of the judgment fund, absentee class members need only prove their membership in the injured class. Their right to share the harvest of the lawsuit upon proof of their identity, whether or not they exercise it, is a benefit in the fund created by the efforts of the class representatives and their counsel.

*Boeing*, 444 U.S. at 480.

Here too, whether or not class members choose to exercise their right to submit a claim, the settlement provides them a benefit. And, since class members have the right to opt out from the settlement, they are not being forced to accept anything or release any claims against their will. Notice of the settlement, and the right to object to the settlement, satisfies the requirements of due process.

**IV.   Preliminary Approval Does Not Require A Final Determination About Fairness**

Although Plaintiff maintains that, for the reasons set forth above, the claim requirement in this case is fair, reasonable and adequate, Plaintiff respectfully submits that whatever concerns the Court may have at this time about the fairness of the settlement are premature. Approval of a class action settlement is a two step process. "The first step is a preliminary, pre-notification hearing to determine whether the proposed settlement is 'within the range of possible approval.' This hearing is not a fairness hearing; its purpose, rather is to ascertain whether there is any reason to notify the class members of the proposed settlement and to proceed with a fairness hearing." *Armstrong v. Board of School Directors of the City of Milwaukee* (6th Cir. 1980) 616 F.2d 305, 314 [quoting Manual for Complex Litigation § 1.46, at 53-55) West 1977]. At the second stage of the approval process, after class members have had an opportunity to object to the settlement, the court then makes a final

determination whether the settlement is "fair, reasonable and adequate" Under Rule 23(e). *Armstrong,* 616 F.2d at 314.

In light of all the authorities above, the mere fact that a settlement requires class members to submit a claim to receive their share of settlement benefits does not remotely take a settlement outside "the range of possible approval." This Court will be in a far better position to assess the ultimate fairness of the settlement after preliminary approval is granted, notice is given to class members, and the parties can advise the court about the number of objections to the settlement (if any) and the claims rate. At this stage, the Court should conclude that Plaintiff has established sufficient cause for notifying class members about the proposed settlement and proceeding with a final fairness hearing after class members have reacted to notice of the settlement.

Dated: February 7, 2013                                KARASIK LAW FIRM

                                       By:    /s/ Gregory N. Karasik
                                              Gregory N. Karasik
                                              Attorneys for Plaintiff